# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
CATHERINE BROWNING-FOTE, f/k/a  *
CATHERINE GATLING, and          *
JACK P. FOTE, SR.,              *
                                *
     Plaintiffs,                *
                                *
     vs.                        *     CV 210-015
                                *
FREDERICK J. HANNA &            *
ASSOCIATES, P.C.; DENNIS E.     *
HENRY; CAPITAL ONE BANK (USA),  *
N.A.; and BANK OF AMERICA,      *
N.A.,                           *
                                *
     Defendants.                *
```

## ORDER

Plaintiffs Catherine Browning-Fote and Jack P. Fote, Sr. brought this civil action against Defendants following an alleged wrongful garnishment. Presently before the Court is Defendant Capital One Bank (USA), N.A.'s ("Capital One") Motion to Dismiss Plaintiffs' claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 22.) For the reasons that follow, Capital One's Motion to Dismiss is **DENIED**. (Dkt. No. 22.)

## BACKGROUND

Defendant Frederick J. Hanna & Associates, P.C. ("Hanna") is a law firm that engages in a debt collection practice and Defendant Dennis E. Henry ("Henry") is an attorney employed by that firm. In November of 2008, Hanna and Henry obtained a $1,084.11 judgment against Catherine Browning-Fote on behalf of Capital One in the Superior Court of Glynn County, Georgia. On August 17, 2009, Hanna and Henry filed a garnishment proceeding against Browning-Fote in the State Court of Dekalb County, Georgia. Capital One is the named plaintiff in that proceeding. (See Dkt. No. 1 Ex. A.) On August 19, 2009, Hanna and Henry served a summons of garnishment on Defendant Bank of America, N.A. ("Bank of America"), where Plaintiffs maintained several accounts. Plaintiffs allege that on that same day, although Browning-Fote had not yet received notice of the garnishment proceeding, Bank of America deducted sums from three of Plaintiffs' accounts, in addition to placing a "hold" on those accounts. Plaintiffs further allege that although Hanna and Henry filed a certificate of compliance on August 21, 2009, certifying that Henry had served the

2

summons of garnishment on Browning-Fote by August 20, 2009, Henry did not actually mail the summons of garnishment until August 24, 2009, and that summons was defective.

On January 29, 2010, Plaintiffs instituted this civil action against Defendants by filing their initial Complaint. (Dkt. No. 1.) After outlining the factual allegations underlying Plaintiffs' claims, the initial Complaint separated the various causes of action against the Defendants into three distinct counts. Count One, titled "Supremacy Clause Denial of Due Process," states, in part, that "defendants Hanna and Henry never served a valid summons of garnishment on plaintiff Catherine Browning-Fote, therefore violating the plaintiffs' constitutional right to due process of law." (Compl. ¶ 49.) Count Two, titled "Violation of the FDCPA," states, in part, that the "conduct of defendants Hanna and Henry and Capital One Bank in filing the garnishment proceeding in the State Court of Dekalb County, in a ***forum non conveniens***, constitutes a violation of the Fair Debt Collection Practices Act." (Compl. ¶ 51.) Finally, Count Three, titled "Theft by Conversion," asserts a state-law tort claim against Bank of America. (Compl. ¶¶ 52-54.)

3

Plaintiffs filed an Amended Complaint on March 2, 2010. (Dkt. No. 15.) Among other changes, Plaintiffs amended Count Two of their initial Complaint to exclude any reference to Capital One. Paragraph 51 now reads:

> The aforesaid conduct of defendants Hanna and Henry, in filing a false certificate of compliance, failing to serve the summons of garnishment on plaintiff Catherine Browning-Fote in a timely manner, and serving a defective summons of garnishment on said plaintiff, in combination with filing the garnishment proceeding in the State Court of Dekalb County, a *forum non conveniens*, constitutes a violation of the Fair Debt Collection Practices Act, 15 U.S. Code § 1692f.

(Am. Compl. ¶ 51.) No changes were made concerning Count One.

On the same day that Plaintiffs filed their Amended Complaint, Plaintiffs also filed a Notice dismissing Count Two of their Complaint with respect to Capital One. (Dkt. No. 16.) The Court subsequently approved Plaintiffs' Notice of Voluntary Dismissal, noting that Plaintiff's "claims against Defendant Capital One Bank (USA) N.A. are dismissed only in relation to Count Two." (Dkt. No. 18.)

Capital One now moves to be dismissed from this action. Capital One argues that Plaintiffs only "voiced" a claim against it in Count Two of their initial Complaint, and

4

that that claim was subsequently dismissed. Capital One further contends that the remaining causes of action in Plaintiffs' Amended Complaint do not state any basis for recovery against Capital One expressly, and that it should therefore be dismissed from this action pursuant to Rule 12(b)(6).

**DISCUSSION**

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, a court must accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). The court must also limit its consideration to the pleadings and any attached exhibits. Fed. R. Civ. P. 10(c); see also GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993). In order to state a claim for relief, the pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) is intended to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

rests." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 319 (2007). This is a liberal pleading standard that does not require a plaintiff to plead with particularity every element of a cause of action. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001). Rather, a Rule 12(b)(6) motion to dismiss should only be granted if the plaintiff is unable to articulate enough facts "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombley, 127 S. Ct. 1955, 1959 (2007).

Here, although Capital One is not expressly named in any enumerated count in Plaintiffs' Amended Complaint, the Court concludes that Capital One was given fair notice of Plaintiffs' claim against it and the grounds supporting that claim. Plaintiffs' Amended Complaint and supporting exhibits assert that Hanna and Henry were acting on Capital One's behalf when they filed the garnishment proceeding in the State Court of Dekalb County and when Henry allegedly served the defective summons on Browning-Fote. The attached exhibits clearly show that Capital One is the named plaintiff in the garnishment proceeding. (See Dkt. No. 1 Exs. A-C.) Moreover, Plaintiffs specifically allege

that "[a]t all times material to this action, defendant Hanna and defendant Henry were acting as attorneys and agents for defendant Capital One Bank (USA) N.A." (Am. Compl. ¶ 6.) Based on this purported relationship and the factual allegations and supporting exhibits relating to it, the Court concludes that under the Federal Rules' liberal pleading standard, Capital One was given fair notice of its potential liability arising out of the alleged conduct of Defendants Hanna and Henry. Cf. Degirmenci v. Sapphire-Fort Lauderdale, LLLP, No. 09-60089-CIV, 2010 WL 342256, at *23 (S.D. Fla. Feb. 1, 2010) (denying motion to reconsider order granting motion to dismiss certain defendants from enumerated count where there were no allegations "somehow tying" the purported conduct of the defendant named in that count to the other defendants).

While it is true that this Court approved dismissal of the FDCPA claim in Count Two with respect to Capital One, only the claims against Capital One "in relation to" that count have been dismissed. (Dkt. No. 18.) Count One of the Amended Complaint still asserts a claim for denial of due process arising out of Hanna and Henry's conduct, and the pleading also alleges an agent-principal relationship

7

between Capital One and those Defendants. Thus, while expressly naming Capital One in Count One of the Amended Complaint would undoubtedly have made the pleading more clear, the Court concludes that Plaintiffs' allegations provide sufficient and fair notice to Capital One of the claim against it. Capital One's Motion to Dismiss is therefore **DENIED**. (Dkt. No. 22.)

**SO ORDERED**, this 13th day of May, 2010.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA