# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| CATHERINE BROWNING-FOTE, f/k/a<br>CATHERINE GATLING, and<br>JACK P. FOTE, SR.,<br><br>    Plaintiffs,<br><br>vs.<br><br>FREDERICK J. HANNA &<br>ASSOCIATES, P.C.; DENNIS E.<br>HENRY; CAPITAL ONE BANK (USA),<br>N.A.; and BANK OF AMERICA,<br>N.A.,<br><br>    Defendants. | CV 210-015 |

## ORDER

Presently before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss. Upon due consideration, Defendant's Motion to Dismiss is **GRANTED**.

## BACKGROUND

Plaintiff Catherine Browning-Fote is a judgment debtor to Capital One Bank, N.A. ("Capital One"), in the amount of $1,084.11. Acting on behalf of Capital One, Dennis Henry, an

attorney employed by Frederick J. Hanna & Associates, P.C., filed a garnishment proceeding against Plaintiff on August 17, 2009. Two days later, the "garnishing proceeding, including the affidavit for garnishment, summons of garnishment and entry of service, was served" on Defendant Bank of America, N.A. ("Bank of America"). Compl. ¶ 19.

Plaintiffs maintained three accounts with Bank of America. As a result of the garnishment proceeding, Bank of America deducted a total of $580.17 from Plaintiffs' accounts. On one account, Bank of America also charged a $100.00 processing fee and four overdraft fees of $35.00 each. Id. at ¶¶ 20-22.

According to Plaintiffs, the "only monies on deposit" in the accounts were derived from Social Security and Social Security Disability benefits. Id. at ¶ 15. Plaintiffs claim that after they informed Henry that all of the money originated from Social Security payments, Henry dismissed the garnishment. Plaintiffs allege that notwithstanding the dismissal, Bank of America has refused to refund the processing and overdraft fees charged as a result of the garnishment proceedings. Plaintiffs thus filed this lawsuit against Bank of America on January 29, 2010.

**DISCUSSION**

1. STANDARD OF REVIEW

When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must construe the plaintiff's complaint in the light most favorable to the plaintiff and accept all well-pleaded facts alleged in the complaint as true. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

2. PLAINTIFFS' CLAIM

Plaintiffs allege their only claims against Bank of America in Count Three of the Complaint. See Compl. ¶¶ 52-54. Count Three states that Bank of America's conduct

constitutes "a blatant violation of 42 U.S. Code § 407(a)," as well as "the offense of theft by conversion." Id. Bank of America's brief in support of the present motion disputes "Plaintiffs' conversion theory," arguing that a bank's compliance with a garnishment proceeding does not constitute conversion. Def.'s Mot. to Dismiss 5. Rather than supporting their conversion claim, Plaintiffs in response characterize Bank of America's arguments as "irrelevant" and provide lengthy quotations from two cases, Tom v. First American Credit Union, 151 F.3d 1289 (10th Cir. 1998), and Lopez v. Washington Mutual Bank F.A., 184 F.3d 990 (9th Cir. 2002). Plaintiffs also cite two additional cases, Crawford v. Gould, 56 F.3d 1162 (9th Cir. 1995), and Marengo v. First Massachusetts Bank, 152 F. Supp. 2d 92 (D. Mass. 2001), before concluding, "It is clear from the Federal cases cited above that Bank of America's setoff of the plaintiff's Social Security benefits was 'other legal process' prohibited by 42 U.S.C. § 407(a)." Pl.'s Resp. to Def.'s Mot. to Dismiss 4-5.

What precise cause of action Plaintiffs assert is unclear, although their response to the present motion strongly suggests that Plaintiffs do not have a claim independent of § 407(a). At a minimum, then, Plaintiffs claim that Bank of America violated 42 U.S.C. § 407(a). At

most, Plaintiffs claim that Bank of America converted their property by charging fees in violation of 42 U.S.C. § 407(a). In either case, Plaintiffs' complaint must at least "contain either direct or inferential allegations respecting" a violation of 42 U.S.C. § 407(a) to avoid dismissal. Fin. Sec. Assurance, Inc., 500 F.3d at 1282-82.

The relevant portion of Section 407(a) states the following:

> [N]one of the moneys paid or payable [from Social Security benefits] . . . shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a)(2003). Plaintiffs allege that because all of the money in her accounts with Bank of America originated from Social Security payments, Bank of America's processing and overdraft fees on those accounts subjected their Social Security benefits to a "legal process" in violation of the statute. Pl.'s Resp. to Def.'s Mot. to Dismiss 5.

While Plaintiffs urge a broad interpretation of "legal process," the Supreme Court has construed the term narrowly, explaining that "legal process" under § 407(a) "would seem to require utilization of some judicial or quasi-judicial mechanism." Washington State Dep't of Soc. and Health Servs. v. Guardianship Estate of Keffeler, 537 U.S. 371, 385 (2003). Citing Keffeler, a district court in Wilson v. Harris N.A., No.

5

06-C-5840, 2007 WL 2608521, at *10 (N.D. Ill. Sept. 4, 2007), granted a bank's motion to dismiss a claim alleging a violation of § 407(a), holding that the bank's imposition of a fee is not a "legal process." The court explained that "[i]t is reasonable to assume that a consumer incurs an overdraft fee each time the withdrawals to an account exceed its balance; there is nothing adjudicative about such a process." Id. at *11. The court, therefore, held that the bank's charging of fees against accounts holding deposits from Social Security payments did not constitute "legal process" and thus could not violate § 407(a). Id.

Independent of construing "legal process" narrowly, courts have overwhelmingly held that § 407 generally does not prohibit banks from subjecting money from Social Security payments to processing and overdraft fees. In Walton v. U.S. Bank, No. 2:09-CV-931, 2010 WL 3928507 (D. Utah Oct. 4, 2010), for example, the court granted a motion to dismiss, holding that a bank's collection of fees from an account containing Social Security payments did not run afoul of § 407. See also Huggins v. Pataki, No. 01-CV-3016, 2002 WL 1732804, at *4 (E.D.N.Y. July 11, 2002)(granting summary judgment for the defendant, where the plaintiff claimed that the defendant's charging of a processing fee "as part of a garnishment attempt violated §407's ban on attaching social security funds").

Even in Lopez v. Washington Mutual Bank, F.A., a case that Plaintiffs cite in their brief, the Ninth Circuit concluded "in agree[ment] with the district court that no violation of Section 407(a) occurred," despite the fact that the defendant charged overdraft fees on accounts containing Social Security payments. 302 F.3d 900, 904 (9th Cir. 2002). The court explained that the plaintiff's decision to open and maintain an account with the defendant constituted an agreement to subject the plaintiff's funds, including those derived from Social Security benefits, to the defendant's overdraft fees. Id.

Moreover, the two other cases on which Plaintiffs rely,[1] Tom v. First American Credit Union, 151 F.2d 1289 (10th Cir. 1998), and Crawford v. Gould, 56 F.3d 1162 (9th Cir. 1995), are clearly distinguishable from the case at hand. In Tom, the Tenth Circuit held that a credit union's seizure of an account that consisted entirely of money derived from Social Security and similar benefits violated § 407(a). 151 F.3d at 1289. In so holding, the court noted that the credit union seized the account in order to satisfy a debt that the account-holder allegedly owed to the credit union. Id. at 1291. Whereas Bank of America in the instant case merely charged routine transaction fees associated

---

[1] Plaintiffs also cite Marengo v. First Mass. Bank, N.A., 152 F. Supp. 2d (D. Mass. 2001) for the proposition that a bank's imposition of fees constitutes a "legal process." Pls.' Resp. to Def.'s Mot. to Dismiss 4. The Court notes that Marengo was decided before the Supreme Court offered its interpretation of "legal process" in Keffeler.

7

with Plaintiffs' account, the credit union in <u>Tom</u> was "acting in the capacity of a creditor" and "violated § 407(a) because it used social security funds . . . to satisfy a loan owed to itself." <u>Walton</u>, 2010 WL 3928507, at *3. Crucial to <u>Tom</u>'s holding is the fact that the defendant acted as a creditor – a fact that is clearly absent here, given that Plaintiffs merely claim that Bank of America charged processing and overdraft fees. <u>See</u> <u>Walton</u>, 2010 WL 3928507, at *4 ("The collection of [banking] fees is not the equivalent of the collection of a debt."). <u>Tom</u>, therefore, does not support Plaintiffs' allegation that Bank of America violated § 407(a).

Plaintiffs' reliance on <u>Crawford v. Gould</u> is similarly misplaced. In <u>Crawford</u>, a number of involuntarily institutionalized psychiatric patients alleged that a state hospital charged their deposit accounts, which included money from Social Security payments, without their consent in violation of 407(a). <u>Id.</u> at 1164. <u>Crawford</u> is distinguishable from the present case for two primary reasons. First, the plaintiffs in <u>Crawford</u> did not consent, explicitly or impliedly, to the state hospital's charges. <u>Id.</u> at 1167-68. In contrast, Plaintiffs here chose to open and maintain accounts with Bank of America and thus voluntarily subjected their money to Bank of America's fees. Second, the state hospital in <u>Crawford</u> deducted money from the patients' accounts in order to pay expenses

8

associated with providing care for the patients. Id. at 1164. The state hospital was, in effect, a creditor seeking payment from the patients, much like the credit union in Tom. Bank of America, in contrast, merely deducted routine processing and overdraft fees and did not act as Plaintiffs' creditor. See Walton, 2010 WL 3928507, at *4. Crawford, therefore, is distinguishable from the case at hand and does not support Plaintiffs' position.

Viewing the well-pleaded facts and allegations in the light most favorable to Plaintiffs, the Court finds that Plaintiffs fail to allege that Bank of America violated § 407(a). As a result, Plaintiffs' claim against Bank of America fails.

**CONCLUSION**

For the reasons stated above, Defendant Bank of America's Motion to Dismiss is **GRANTED**.

**SO ORDERED**, this 27th day of October, 2010.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA