# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| CATHERINE BROWNING-FOTE, f/k/a/ CATHERINE GATLING, and JACK P. FOTE, SR., | * * * * | |
| Plaintiffs, | * * | |
| vs. | * * | CV210-015 |
| FREDERICK J. HANNA & ASSOCIATES, P.C.; and DENNIS E. HENRY, | * * * | |
| Defendants. | * * | |

## ORDER

Presently before the Court are Plaintiffs' Motion for Partial Summary Judgment and Defendants' Motion for Summary Judgment. Upon due consideration, Plaintiffs' Motion is **DENIED** and Defendants' Motion is **GRANTED**.

## BACKGROUND

Plaintiff Catherine Browning-Fote was a judgment debtor to Capital One Bank, N.A. ("Capital One") in the amount of $1,084.11. Acting on behalf of Capital One, Dennis Henry ("Henry"), an attorney employed by Frederick J. Hanna &

AO 72A
(Rev. 8/82)

Associates, P.C. ("Hanna"), filed a garnishment proceeding against Plaintiff on August 17, 2009.  Two days later, the summons of garnishment was served on Bank of America, N.A. ("Bank of America").[1]  As a result of the garnishment proceeding, Bank of America deducted a total of $580.17 from Plaintiffs' accounts.  On one account, Bank of America also charged a $100.00 processing fee and four overdraft fees of $35.00 each.

According to Plaintiffs, those accounts were comprised exclusively of Social Security benefits.  When Plaintiffs informed Henry of this, he dismissed the garnishment action. Plaintiffs then filed this lawsuit on January 29, 2010, complaining in part that Bank of America refused to refund the processing and overdraft fees.

On September 21, 2010, Plaintiffs voluntarily dismissed the action as against Capital One Bank.  On October 27, 2010, this Court dismissed Bank of America, granting its Motion to Dismiss[2] for failure to state a claim that the Bank violated 42 U.S.C. § 407(a).[3]  See Order, ECF No. 53.  The only parties remaining in this action are Plaintiffs Catherine Browning-Fote and her husband, Jack Fote, and Defendants Hanna and Henry.

---

[1] Plaintiffs initially named Bank of America Corporation in their Complaint, but amended it on March 2, 2010 to add Bank of America N.A. as a defendant in lieu of Bank of America Corporation.  ECF No. 15.

[2] Plaintiffs asserted a claim for theft by conversion against only Bank of America in their Complaint; thus, their requests for recovery of monies and for damages against Bank of America were dismissed pursuant to the October 27, 2010 Order.

[3] This statute provides that Social Security benefits are not subject to garnishment.  42 U.S.C. § 407(a).

AO 72A
(Rev. 8/82)

Defendants Hanna and Henry moved for partial dismissal of Plaintiffs' due process claim under the Fifth and Fourteenth Amendments of the United States Constitution.  Plaintiffs claim that Defendants failed to provide constitutionally sufficient notice to Plaintiffs of the garnishment proceedings.  Because Defendants did not address this argument, the Court denied Defendants' motion.  See Order of Nov. 3, 2010, ECF No. 54.

Plaintiffs thereafter filed a Motion for Partial Summary Judgment, requesting a holding that:

> (a)   The State of Georgia's post-judgment garnishment law, particularly O.C.G.A. § 18-4-20(a), (b), and (c), violates the supremacy clause of the United States Constitution, Article VI thereof.
> (b)   The State of Georgia's post-judgment garnishment law, particularly O.C.G.A. §§ 18-4-20(g) and (h) and 18-4-62(a) and 18-4-66, violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

Pls.' Mot. Partial Summ. J. 1, ECF No. 59.  Defendants also filed a Motion for Summary Judgment, requesting summary judgment in their favor as to Plaintiffs' claim for declaratory relief for constitutional violations and their claim under the Fair Debt Collection Practices Act ("FDCPA").  See Defs.' Br. in Supp. of Mot. Summ. J., ECF No. 61-1.

Plaintiffs seek several forms of relief: (1) "a declaratory judgment ruling that the Georgia garnishment statute violates the supremacy clause of Article VI of the United States Constitution and the due process clauses of the Fifth and

AO 72A
(Rev. 8/82)

Fourteenth Amendments of the United States Constitution;" (2)
"judgment against defendants . . . for damages for violation of
the Fair Debt Collection Practices Act;" (3) "judgment for
damages against defendants . . . to compensate the plaintiffs
for their mental and emotional pain, anguish and suffering;" (4)
"a substantial award of punitive damages against defendants . .
. to deter them from repetition of their unlawful conduct;" and
(5) "an award of attorney's fees and costs."  Compl. 13-14, ECF
No. 1.


**DISCUSSION**

**I.   Declaratory Judgment as to Constitutional Violations**

Plaintiffs contend that Georgia's statutory garnishment law
violates the Due Process Clauses of the Fifth and Fourteenth
Amendments, and the Supremacy Clause, of the U.S. Constitution.
Particularly, they complain that the statutory law does not
require the summons of garnishment to contain any information
about possible exemptions, the process for contesting the
garnishment, or the right of the defendant in garnishment to
contest the garnishment.  Compl. ¶¶ 46-47.  Plaintiffs maintain
that "defendants Hanna and Henry never served a valid summons of
garnishment on plaintiff Catherine Browning-Fote, therefore
violating the plaintiffs' constitutional right to due process of
law, but even if the summons had complied with Georgia law, it

4

AO 72A
(Rev. 8/82)

would not have been sufficient to provide due process." <u>Id.</u> at
¶ 49.

Defendants seek summary judgment on the declaratory
judgment claim because Plaintiffs have not alleged an "actual
controversy" as required by the Declaratory Judgment Act.  <u>See</u>
28 U.S.C. § 2201(a) (permitting a court to issue a declaratory
judgment "[i]n a case of actual controversy within its
jurisdiction").  The Act's requirement "echo[es] the 'case or
controversy' requirement of article III of the Constitution."
<u>Emory v. Peeler</u>, 756 F.2d 1547, 1551-52 (11th Cir. 1985).  It is
well-established that

> [t]he Article III case or controversy requirement sets
> fundamental limits on the federal judiciary's power in
> our society.   One of the most important of these
> constitutionally-based limits is the requirement that
> a litigant have 'standing' to invoke the power of a
> federal court. . . .   In order to demonstrate that a
> case or controversy exists to meet the Article III
> standing requirement when a plaintiff is seeking
> injunctive or declaratory relief, a plaintiff must
> allege facts from which it appears there is a
> *substantial likelihood* that he will suffer injury in
> the future.

<u>Malowney v. Fed. Collection Deposit Grp.</u>, 193 F.3d 1342, 1346
(11th Cir. 1999) (emphasis added).

Thus, it is necessary that, "under the facts alleged, there
must be a substantial continuing controversy between parties
having adverse legal interests" and Plaintiffs "must allege
facts from which the continuation of the dispute may be

AO 72A
(Rev. 8/82)

reasonably inferred." Emory, 756 F.2d at 1552. "Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." Id. "The remote possibility that a future injury may happen" is insufficient to satisfy this requirement. Id.

This case is controlled by Malowney v. Federal Collection Deposit Group. The facts surrounding plaintiffs John and Susan Malowneys' suit are nearly identical to those here: The only funds in the Malowneys' checking account at the time of garnishment were Social Security and other benefits exempt from garnishment pursuant to federal law. 193 F.3d at 1345. There, as here, the garnishment action was dismissed before the plaintiffs filed suit in federal court. Id. The Malowneys nonetheless sought a declaratory judgment stating that Florida's post-judgment garnishment statute violated the Due Process and Supremacy Clauses of the U.S. Constitution. Id. at 1346. Addressing only the Malowneys' declaratory judgment claim (they did not seek damages), the Court held that "the Malowneys failed to allege in their amended complaint any facts from which we could reasonably conclude that they will suffer future injury from the application of the statute they challenge as unconstitutional," and that the Malowneys "lack[ed] standing . . . to obtain declaratory relief concerning the statute." Id.

The Malowney court's reasoning is applicable to the present

case:

> The complaint does not allege that the Malowneys have
> checking account funds likely to be subject to
> garnishment in the future.  It does not even allege
> that the Malowneys are still judgment debtors.  Even
> if we assume that the Malowneys still owe a judgment
> debt to Freedom, Freedom is now on notice that the
> Malowneys' checking account funds are exempt from
> garnishment under federal law.  There is no basis to
> infer, and certainly it is not alleged, that Freedom
> will wrongfully attempt to have garnishment issued
> against an account it now knows to contain exempt
> funds.[4]  Perhaps we could speculate that the Malowneys
> are now, or will in the near future be, indebted to a
> different judgment creditor and as a result will have
> a garnishment issued against them under the challenged
> Florida statute.  But that possibility is too
> speculative a basis upon which to rest jurisdiction.

Id. at 1347 (citing Emory, 756 F.2d 1547).  The Court's

reasoning applies entirely to the present case.[5]

Plaintiffs claim only that Defendants' actions are "capable

of repetition, yet evading review," and are "afraid that their

---

[4] See also Malowney, 193 F.3d at 1348 ("[T]he Malowneys' bank is now on notice
that their checking account funds are exempt from attachment.  There is no
reasonable basis to believe that the bank will freeze the Malowneys' funds
again and risk liability for doing so, since the bank now knows that the
funds are exempt.")

[5] The Court is not persuaded by Plaintiffs' proffered distinction between
Malowney and their suit.  Plaintiffs argue that the Malowneys, unlike the
Fotes, did not seek damages, and therefore the case is "readily
distinguishable."  Pls.' Br. in Opp. 4, ECF No. 66.  The fact that the
Malowneys did not seek damages was not outcome-determinative, however.
Moreover, Plaintiffs seek damages only for violations of the FDCPA and for
mental and emotional pain and suffering (as well as punitive damages) — not
for constitutional violations.  See Compl. 14.  For the same reasons,
Plaintiffs argue that Emory v. Peeler is inapposite.  In Emory, however, the
plaintiff brought a claim for money damages against a judge under 42 U.S.C. §
1983.  756 F.2d at 1554.  The court analyzed the plaintiff's § 1983 claim
separately from the declaratory judgment claim.  Plaintiffs in the present
case, by contrast, do not state a claim for damages under § 1983, and do not
explain why the Emory court's discussion of the § 1983 claim has any bearing
on its separate holding as to standing — the holding applicable to the
instant opinion.

social security benefits might be subject to garnishment again," asserting that their claims are not moot.  Compl. ¶ 40; Pls.' Mot. Summ. J. 24.  "Capable of repetition, yet evading review" is one exception to the doctrine of mootness.  See Sande v. United States, 259 F. App'x 191, 193 n.3 (11th Cir. 2007). Plaintiffs' argument that the issue is not moot is inconsequential, however, because they have not alleged a substantial likelihood of a non-speculative future injury sufficient to warrant the exercise of jurisdiction.  They have failed to satisfy Article III's essential standing requirement under binding precedent.  See Malowney, 193 F.3d 1342. Accordingly, summary judgment is proper as to Plaintiffs' request for a judgment declaring Georgia's post-judgment garnishment law unconstitutional.

## II.  Fair Debt Collection Practices Act (FDCPA)

Plaintiffs allege that Defendants violated the FDCPA by (1) "filing the garnishment proceeding in the State Court of DeKalb County, a *forum non conveniens*," (2) "filing a false certificate of compliance," (3) "failing to serve the summons of garnishment on plaintiff Catherine Browning-Fote in a timely manner," and (4) serving a defective summons of garnishment on said plaintiff."  Am. Compl. ¶ 51, ECF No. 15.  Plaintiffs bring this

claim under 15 U.S.C. § 1692f, which states: "A debt collector[6] may not use unfair or unconscionable means to collect or attempt to collect any debt."  Am. Compl. ¶ 51.

**A.    Forum Non Conveniens**

The venue provision of the FDCPA provides, in relevant part: "Any debt collector who brings any legal action on a debt against a consumer shall . . . (2) . . . bring such action only in the judicial district or similar legal entity — (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action."  15 U.S.C. § 1692i.  The statute explicitly applies to legal actions brought against a consumer.  Id.; Pickens v. Collection Servs. of Athens, Inc., 165 F. Supp. 2d 1376, 1380 (M.D. Ga. 2001) (finding "that the statutory language is clear in that the statute applies only to legal actions which are brought against a consumer").  The Court agrees with the reasoning of the district court in Pickens, which found that, under Georgia law, a garnishment action was not an action against the consumer and thus did not violate the FDCPA venue provision.  165 F. Supp. 2d at 1380 (citing O.C.G.A. § 18-4-93).[7]  Consequently, Plaintiffs

---

[6] The parties do not dispute that Hanna and Henry are "debt collectors" within the meaning of the FDCPA.  See 15 U.S.C. § 1692a(6) (defining "debt collector").

[7] On the forum non conveniens point, Plaintiffs argue only that "[a]t least one Court has rejected defendant's argument concerning venue," citing Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994).  Pls.' Br. in Opp. 9.  The Fox court's holding did not address Georgia garnishment law and is not binding on this Court.

cannot complain about the venue of the garnishment action, to which they were not a party.[8]

### B. False Certificate of Compliance

Plaintiffs allege that Defendants violated the FDCPA by filing a certificate of compliance that was "false as to the date of mailing the notice of garnishment." Pls.' Br. in Opp. 10. Defendants admit that the date on the certificate did not match the postal service date stamp, but claim the error was inadvertent on Hanna's part, and that, nonetheless, the defect was amendable. Defs.' Reply 8, ECF No. 70. In this case, however, amending the certificate "became unnecessary given the dismissal of the action three days" after Plaintiffs received notice. Id. Plaintiffs offer no authority — and the Court can find none — holding that such a defect in a certificate of compliance is not amendable and/or constitutes a violation of the FDCPA.

### C. Untimely Service

Plaintiffs allege that Defendants did not serve Plaintiff Catherine Browning-Fote with the summons of garnishment in a timely manner. Am. Compl. ¶ 51. She admits, however, that she received the summons within three business days of its service on Bank of America, and offers no authority or evidence to

---

[8] The Court notes that, additionally, Plaintiffs never became a party to the garnishment action because they never filed a traverse; instead, the garnishment action was dismissed only three days after Plaintiffs received notice.

support the position that such service was not timely.  <u>See</u>
Defs.' Reply 8.  Plaintiffs have thus not demonstrated the
existence of a genuine issue of material fact to survive summary
judgment.

**D.   Defective Summons**

Plaintiffs argue that Defendants violated the FDCPA because
"the summons as served on Catherine Browning-Fote was not signed
and did not have a case number essential for a traverse."  Pls.'
Br. in Opp. 10.  As Defendants note, however, "nothing in the
Georgia code requires the notice to be signed.  Moreover,
Georgia courts have determined that an unsigned notice of
garnishment is sufficient if it complies with all other
prerequisites, as the notice does in this case."  Defs.' Reply 8
(citing <u>Mahan v. Ford Motor Co.</u>, 246 S.E.2d 374 (Ga. Ct. App.
1978)).[9]  Plaintiffs offer no authority indicating that such
defects constitute "unfair practices" as intended by the FDCPA,
but argue simply that "the combination of factors in defendants'
conduct constitutes 'unfair or unconscionable means' as
prohibited by 15 U.S.C. § 1692f."  Pls.' Br. in Opp. 10.  The
Court disagrees; Plaintiff has no evidence of a genuine issue of

---

[9] <u>See</u> <u>Mahan</u>, 246 S.E.2d at 374 ("The written notice which defendant admits
receiving purports to be an unsigned copy of the summons of garnishment.  On
its face it reflects the names of the plaintiff and defendant, the amount
claimed, and the name of the issuing court, the State Court of Fulton County.
On the reverse side [there are] important instructions for defendant . . . .
Therefore the written notice given defendant here complied with the statute
as a 'document' containing the specified information which was furnished to
him.  The fact that it was unsigned is of no consequence.").

material fact as to whether Defendants violated the FDCPA.

The statute provides examples of conduct that violates the FDCPA as "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. While such means are not limited to those examples, they shed light on the level of egregiousness sufficient to amount to a violation: "[t]he solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution," "[d]epositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument," and "[c]ausing charges to be made to any person for communications by concealment of the true purpose of the communication" are just a few. Id. § 1692f(3), (4), (5). The conduct Plaintiffs allege as violative of the FDCPA is not the "unfair or unconscionable" means cited in the statute; rather, Plaintiffs at most allege minor technical defects.

The purpose of the FDCPA is " 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.' " Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1270 (11th Cir. 2001) (quoting 15 U.S.C. § 1692(e)). Plaintiffs

AO 72A
(Rev. 8/82)

have not demonstrated a material issue of fact as to whether Defendants Hanna or Henry perpetuated abusive debt collection practices covered by the FDCPA.  Accordingly, summary judgment is appropriate as to Plaintiff's FDCPA claim, and Plaintiff is thus not entitled to damages under the FDCPA.  See id. (noting that debt collectors who *violate* the FDCPA may be liable "for actual damages, statutory damages up to $1,000, and reasonable attorney's fees and costs").

## III. Remaining Claims

Plaintiffs seek damages for their "mental and emotional pain, anguish and suffering." Compl. 14.  Because Plaintiffs' constitutional and FDCPA claims fail on the merits, they are not entitled to compensatory damages on those claims.  Likewise, Plaintiff's claims for punitive damages and attorney's fees must be dismissed.  See United Cos. Lending Corp. v. Peacock, 475 S.E.2d 601, 602 (Ga. 1996) ("A prerequisite to any award of attorney fees under O.C.G.A. § 13-6-11 is the award of damages or other relief on the underlying claim."); Barnes v. White Cnty. Bank, 318 S.E.2d 74, 76 (Ga. Ct. App. 1984) ("Punitive damages may not be recovered where there is no entitlement to compensatory damages.").

AO 72A
(Rev. 8/82)

**CONCLUSION**

For the reasons set forth herein, Plaintiffs' Motion for Partial Summary Judgment is **DENIED**. Defendants' Motion for Summary Judgment is **GRANTED**.

**SO ORDERED**, this 20th day of May, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)